IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TOM GERHARDT**, <br><br> Plaintiff, <br><br> v. <br><br> **MID-CENTURY INSURANCE COMPANY**, <br><br> Defendant. | **CIVIL ACTION** <br><br> **NO. 24-3628-KSM** |

<u>**MEMORANDUM**</u>

**MARSTON, J.**                                                                                                January 21, 2025

Plaintiff Tom Gerhardt brings claims for breach of contract and bad faith against Defendant Mid-Century Insurance Company for failing to pay underinsured motorist ("UIM") benefits allegedly due to Plaintiff under his automobile insurance policy after he was injured in a motor vehicle accident. (Doc. No. 1.) Defendant moves to dismiss these claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. Nos. 10, 13.) Plaintiff agrees to withdraw his bad faith claim but opposes Defendant's motion to dismiss his breach of contract claim. (Doc. No. 12.) For the reasons that follow, the Court grants Defendant's motion and dismisses Plaintiff's claims with prejudice.[1]

**I.     Background**

Taking the allegations in the Complaint as true, the relevant facts are as follows.[2]

---

[1] The Court resolves this motion on the papers. *See* E.D. Pa. Local R. 1.7(f) ("Any interested party may request oral argument on a motion. The court may dispose of a motion without oral argument.").

[2] "The District Court, in deciding a motion under Fed. R. Civ. P. 12(b)(6), [i]s required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff]." *Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

On or about July 14, 2019, Plaintiff was driving a 2016 Chevrolet Colorado truck northbound through the intersection of East Dekalb Pike and Saulin Boulevard in King of Prussia, Pennsylvania. (Doc. No. 1 ¶ 8.) A motor vehicle operated by an underinsured third-party tortfeasor suddenly and violently struck the front driver's side of Plaintiff's truck, causing Plaintiff to suffer severe and permanent bodily injuries. (*Id.*) Plaintiff's truck is owned by his employer, NAPA Auto Parts, and Plaintiff was operating the truck during the course and scope of his employment when the accident occurred. (*Id.*; *see* Doc. No. 12-1 at 3–4.) Plaintiff settled his claim with the third-party tortfeasor for $95,000[3] (Doc. No. 1 ¶ 17), and he received workers' compensation benefits for his injuries resulting from the motor vehicle accident (Doc. No. 10-2).

At the time of the accident, Plaintiff was driving under a personal automobile insurance policy issued by Defendant, which includes UIM coverage of $250,000 per person/$500,000 per accident.[4] (*Id.* ¶ 7; *id.* at 9–12 (Ex. A).) Pursuant to this policy, Plaintiff sought UIM benefits for his injuries caused by the accident. (*Id.* ¶ 18.) Defendant denied his claim on May 14, 2021, citing the policy's "business use exclusion" for "bodily injury arising out of the ownership, maintenance or operation of any vehicle while it is being used to carry persons or property for compensation or a fee, including but not limited to the pickup or delivery or return from a pick-up or delivery of products." (Doc. No. 1 ¶ 20; Doc. No. 10-3.)

## II.    Legal Standard

In deciding a motion to dismiss under Rule 12(b)(6), the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is

---

[3] The limit of the third-party tortfeasor's automobile insurance policy was $100,000. (Doc. No. 1 ¶ 17.)

[4] The policy lists Plaintiff's wife as the named insured and Plaintiff as a household driver. (Doc. No. 1 at 10.) This personal automobile insurance policy does not list as a covered vehicle the work truck that Plaintiff was driving at the time of the accident. (*Id.*)

2

plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although the court must accept as true the allegations in the complaint and all reasonable inferences therefrom, the court is not "compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Castleberry v. STI Grp.*, 863 F.3d 259, 263 (3d Cir. 2017) (internal quotation omitted).

"As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "However, an exception to the general rule is that a document *integral to or explicitly relied* upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment." *Id.* (cleaned up). Similarly, the court "may consider an undisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Because Plaintiff's claims arise from the denial of UIM benefits under his automobile insurance policy with Defendant, the Court may consider the copies of the policy and Defendant's denial letter that are attached to the Complaint and/or Defendant's motion to dismiss. *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

**III.    Discussion**

Defendant moves to dismiss Plaintiff's claims for breach of contract (Count I) and bad faith (Count II). (Doc. No. 10.) Because Plaintiff agrees to withdraw his bad faith claim (Doc. No. 12 at 6; Doc. No. 12-1 at 4), the Court addresses only Plaintiff's breach of contract claim.

To state a claim for breach of contract, a plaintiff must establish: "(1) the existence of a contract, including its essential terms, (2) a breach of duty imposed by the contract, and (3) resultant damages." *Grudkowski v. Foremost Ins. Co.*, 556 F. App'x 165, 168 (3d Cir. 2014) (quoting *Ocasio v. Prison Health Servs.*, 979 A.2d 352, 355 (Pa. Super. Ct. 2009)). Plaintiff does not dispute that the "business use exclusion" in his insurance policy, if valid and enforceable, applies and precludes him from recovering UIM benefits. (*See* Doc. No. 12-1 at 6.) Rather, Plaintiff argues that this exclusion is "invalid and unenforceable as against public policy." (*Id.*) Defendant counters that the business use exclusion is clear, unambiguous, and does not violate public policy. (Doc. Nos. 10, 13.) Thus, Defendant argues, the exclusion is enforceable. (*Id.*)

"Generally, courts must give plain meaning to a clear and unambiguous provision unless to do so would be contrary to a clearly expressed public policy." *Generette v. Donegal Mut. Ins. Co.*, 957 A.2d 1180, 1190 (Pa. 2008) (internal quotation omitted). "[A] challenger who asserts that clear and unambiguous contract provisions, such as the one[] at issue in this case, are void as against public policy carries a heavy burden of proof." *Rush v. Erie Ins. Exch.*, 308 A.3d 780, 795 (Pa. 2024) (internal quotation omitted). "This is because public policy is more than a vague goal which may be used to circumvent the plain meaning of the contract." *Id.*

Courts ascertain public policy "by reference to the laws and legal precedents and not from general considerations of supposed public interest." *Id.* at 796 (internal quotation omitted);

4

*see Generette*, 957 A.2d at 1190 ("As the term 'public policy' is vague, there must be found definite indications in the law of the sovereignty to justify the invalidation of a contract as contrary to that policy." (internal quotation omitted)).  Accordingly, the court is "obliged to find contractual language to be contrary to public policy when it violates statutory language." *Rush*, 308 A.3d at 796 (internal quotation omitted).  "Moreover, the application of public policy concerns in determining the validity of an insurance exclusion is dependent upon the factual circumstances presented in each case." *Prudential Prop. & Cas. Ins. Co. v. Colbert*, 813 A.2d 747, 752 (Pa. 2002); *see Paylor v. Hartford Ins. Co.*, 640 A. 2d 1234, 1240–41 (Pa. 1994) (finding the "family car exclusion" in the UIM policy at issue was enforceable based on the facts of the case that demonstrated plaintiff was "attempting to convert [UIM] coverage into liability coverage," which prior case law has recognized as a "limited exception to the general rule that such provisions are invalid as against the policy of the [Pennsylvania Motor Vehicle Financial Responsibility Law]").

The parties agree that the Pennsylvania Motor Vehicle Financial Responsibility Law (the "MVFRL") provides the applicable statutory backdrop for this public policy determination.  (*See* Doc. No. 12-1 at 6–7; Doc. No. 13.)  Plaintiff contends that inherent in the MVFRL is a "strong public policy consideration in ensuring that members of the public take the responsible, affirmative action of procuring a policy of insurance to protect themselves financially in case of an automobile accident and avoid transferring responsibility for their accident-related injuries and/or wage loss to the public at large via potential reliance on social programs (such as social security disability, Medicaid or Medicare)."  (Doc. No. 12-1 at 6.)  Therefore, Plaintiff argues, without citation to any authority, the business use exclusion in Plaintiff's insurance policy "***must not*** apply in this matter as Plaintiff would be precluded from recovering fully for the injuries . . .

he sustained in an accident caused by an underinsured driver despite having specifically purchased an insurance contract from Defendant [] for such coverage." (*Id.* at 6–7.) Defendant counters that Plaintiff is asking the Court to "transfer his *personal automobile coverage*," despite the Pennsylvania's Supreme Court's recent holding in *Rush v. Erie Insurance Exchange* that "[UIM] coverage within the [MVFRL] follows the vehicle and not the person and thus is not portable." (Doc. No. 13 at 2–3 (citing 308 A.3d at 801).)

Pursuant to the MVFRL, "[UIM] coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles." 75 Pa. Cons. Stat. § 1731(c). However, "[p]urchase of . . . [UIM] coverage[] is optional." *Id.* "Where multiple [UIM] policies apply, payment shall be made in the following order of priority: (1) A policy covering a motor vehicle occupied by the injured person at the time of the accident[;] (2) A policy covering a motor vehicle not involved in the accident with respect to which the injured person is an insured." *Id.* § 1733(a).

The Pennsylvania Supreme Court has described the "'dominant and overarching public policy' of the MVFRL" as follows:

> [T]he enactment of the MVFRL reflected a legislative concern for the spiralling [sic] consumer cost of automobile insurance and the resultant increase in the number of uninsured motorists driving on public highways. The legislative concern for the increasing cost of insurance is the public policy that is to be advanced by statutory interpretation of the MVFRL.

*Colbert*, 813 A.2d at 92 (quoting *Burstein v. Prudential Prop. & Cas. Ins. Co.*, 809 A.2d 204, 208 (Pa. 2002)). "In light of [this] primary public policy concern . . . it is arduous to invalidate an otherwise valid insurance contract exclusion on account of that public policy. This policy concern, however, will not validate any and every coverage exclusion; rather, *it functions to*

*protect insurers against forced underwriting of unknown risks that insureds have neither disclosed nor paid to insure.*" *Id.* (quoting *Burstein*, 809 A.2d at 208).

The business use exclusion that Plaintiff seeks to void on public policy grounds does not violate the language of or the policies underlying the MVFRL, nor has Plaintiff shown that the factual circumstances of this case otherwise warrant the invalidation of this exclusion as a matter of public policy. First, as Defendant points out, the Pennsylvania Supreme Court held in *Rush* that UIM coverage is not "universally portable" under the MVFRL based on "the express non-priority of an insured's UIM policy coverage in [75 Pa. Cons. Stat. § 1733(a)] and the contrary [statutorily prescribed] priority of coverage for first party benefits." 308 A.3d at 801; *see* 75 Pa. Cons. Stat. 1713(a) (providing for recovery of first party benefits" in the following order of priority: "(1) [f]or a named insured, the policy on which he is the named insured[;] (2) [f]or an insured, the policy covering the insured[;] (3) [f]or the occupants of an insured motor vehicle, the policy on that motor vehicle") . And "[i]f the MVFRL does not require that UIM coverage follow the insured in all circumstances, then the MVFRL cannot be read to prohibit exclusions from UIM coverage." 308 A.3d at 801. "Consequently, the insurance contract controls the scope of UIM coverage," and the business use exclusion in Plaintiff's automobile insurance policy with Defendant is enforceable under the MVFRL. *Id.*; *see also, e.g.*, *Grudkowski v. Foremost Ins. Co.*, 556 F. App'x 165, 168–69 (3d Cir. 2014) (affirming dismissal of plaintiff's breach of contract claim based on automobile insurance policies' restrictions on stacking of uninsured motorist coverage and UIM coverage after finding that such limited insurance policies are permissible under the MVFRL and unambiguous); *Nationwide Mut. Ins. Co. v. Brophy*, 371 F. App'x 302, 304–05 (3d Cir. 2010) (affirming summary judgment in favor of plaintiff insurance company based on the enforceability of plaintiff's UIM coverage exclusion for the

7

"use of any motor vehicle by an insured to carry persons or property for a fee"); *Percic v. Nationwide Mut. Ins. Co.*, No. 22-cv-01297, 2023 WL 9492344, at *4–6 (W.D. Pa. Oct. 12, 2023) (granting summary judgment to defendant insurance company on plaintiff's breach of contract claim after finding that the "use for hire" exclusion in the operative UIM policy has repeatedly been upheld as unambiguous and enforceable under Pennsylvania law); *Nationwide Assurance Co. v. Easley*, 960 A.2d 843, 845–46 (Pa. Super. 2008) ("On the strength of established case law, we hold that the exclusion clause precluding coverage for injuries sustained in accidents occurring when using a vehicle for hire is valid."); *Brosovic v. Nationwide Mut. Ins. Co.*, 841 A.2d 1071, 1073–74 (Pa. Super. 2004) (upholding "use for hire" UIM exclusion as unambiguous and enforceable).

Second, while the Court's "final determination of whether the exclusion complies with public policy is dependent on the factual circumstances of each case," *Williams v. GEICO Gov't Emps. Ins. Co.*, 32 A.3d 1195, 1204 (Pa. 2011), the Court finds that Plaintiff's arguments "do not carry the heavy burden to void an unambiguous exclusion on public policy grounds, particularly when that exclusion has previously been upheld in the employment context," *Shepherd v. Talotta*, 535 F. Supp. 3d 341, 351 (E.D. Pa. 2021). Plaintiff argues—again, without citing any authority—that the business use exclusion must not apply because (1) he purchased UIM coverage for the precise situation that he finds himself in now, having sustained injuries in an accident caused by an underinsured driver, and (2) he was "clearly not in the bargaining position to demand that [his employer] obtain and pay for underinsured motorist coverage for the work vehicle in question or the financial position to personally pay for such additional coverage on [his employer's] insurance policy." (Doc. No. 12-1 at 6–7.) The Court is not persuaded by either argument.

8

For one, Plaintiff has not alleged that he could not have purchased a supplemental rider from Defendant that would waive the business use exclusion. *See Williams*, 32 A.3d at 1026 (finding no violation of public policy that would void the unambiguous "regular use" UIM exclusion in plaintiff's insurance policy where plaintiff had not demonstrated that he could not have purchased a supplemental rider waiving that exclusion from defendant); *Shepherd*, 535 F. Supp. 3d at 350 (same).

For another, "[t]he [Pennsylvania] legislature has not required employers to purchase [UIM] coverage for the cars its employees may drive." *Shepherd*, 535 F. Supp. 3d at 350–51 (rejecting plaintiff's public policy arguments for voiding the "regular use" exclusion for plaintiff's UIM coverage in plaintiff's personal automobile insurance policy because plaintiff was asking the court to impose a requirement that the legislature has not imposed—to "require individuals' insurance companies that know employer vehicles are not covered [by UIM insurance] to pick up the slack for those employers" that do not purchase UIM coverage for their vehicles); *see Burstein*, 809 A.2d at 209–10 ("[T]his Commonwealth does not require UIM coverage. Thus, tolerating the risk of injury from an underinsured motorist was a viable option for [plaintiff with respect to her use of her employer-provided vehicle]." (citing 75 Pa. Cons. Stat. 1731(a) ("Purchase of uninsured motorist and underinsured motorist coverages is optional."))). "[I]t is not this Court's role to impose a duty where the legislature has not, particularly when there is a separate statutory scheme governing workers' compensation for employment-related injuries." *Shepherd*, 636 F. Supp. 3d at 351.

Nor is there "unanimity of opinion that private insurers must provide [UIM] coverage to employees driving work cars when their employers do not." *Shepherd*, 535 F. Supp. 3d at 351; *see Williams*, 32 A.3d at 1200 ("It is only when a given policy is so obviously for or against the

9

public health, safety, morals or welfare that there is a virtual unanimity of opinion in regard to it, that a court may constitute itself the voice of the community in so declaring that the contract is against public policy." (quoting *Eichelman v. Nationwide Ins. Co.*, 551 Pa. 558, 711 A.2d 1006, 1008 (Pa. 1998)) (cleaned up)).  Indeed, the Pennsylvania Supreme Court has previously rejected an argument in favor of mandating the provision of UIM coverage under an individual's personal automobile insurance policy for injuries sustained in an accident involving an employer-owned vehicle, when the employer has not otherwise provided UIM coverage—precisely what Plaintiff is arguing for here.  *Williams*, 32 A.3d at 1208.  The Court explained that to hold otherwise "would stifle the policies underlying the MVFRL and UIM coverage because the cost for UIM coverage would necessarily increase, and employers would have an incentive to underinsure their motor vehicles with the knowledge that injured employees could collect UIM benefits under their personal policies." *Id.*

In sum, the Court finds no support for invalidating the business use exclusion at issue on public policy grounds in the language of the MVFRL, Pennsylvania case law interpreting the MVFRL, its underlying policies, and the policies underlying UIM coverage, or the facts as alleged by Plaintiff.  Plaintiff has conceded that if this exclusion does not violate public policy, it precludes him from recovering UIM benefits under his policy with Defendant.  The Court thus holds that Plaintiff has failed to state a plausible breach of contract claim based on Defendant's denial of UIM benefits.

Because the business use exclusion in Plaintiff's policy with Defendant clearly and unambiguously applies and precludes Plaintiff from recovering the UIM benefits he seeks, any amendment to the Complaint alleging breach of contract and bad faith claims premised on Defendant's denial of UIM coverage for Plaintiff would be futile.  *See Alvin v. Suzuki*, 227 F.3d

107, 121 (3d Cir. 2000) ("An amendment is futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted."). Accordingly, the Court dismisses Plaintiff's breach of contract and bad faith claims with prejudice. *See id.* ("Leave to amend shall be freely given when justice so requires. . . . Leave to amend may be denied, however, if amendment would be futile." (internal quotation omitted)).

## IV.     Conclusion

For the foregoing reasons, the Court grants Defendant's motion to dismiss and dismisses Plaintiff's claims with prejudice. An appropriate Order follows.